# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| **SUPERNOVA SYSTEMS, INC., et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | Case No.: 1:09-cv-016 |
| v. ) | |
| ) | |
| **GREAT AMERICAN BROADBAND,** ) | |
| **INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Before the Court is a motion for remand under 28 U.S.C. § 1447(c) filed by Plaintiff Supernova Systems, Inc., and its subsidiaries' OnlyInternet.Net Broadband & Wireless, Inc.; OnlyInternet, Inc.; Progressive Internet Services, Inc.; NameMyDots.Com, Inc.; and Supernova Technologies, Inc. (collectively referred to herein as "Supernova"). The thrust of Supernova's motion is that Defendant Great American Broadband, Inc.'s petition for removal (Docket # 2) should be denied because the amount in controversy does not exceed $75,000, the Court's jurisdictional limit under 28 U.S.C. § 1332(a).

Because Great American has established by a preponderance of evidence that the amount in controversy does in fact exceed $75,000, Supernova's motion for remand will be DENIED.

## BACKGROUND

On December 26, 2008, Supernova (Indiana corporations) sued Great American (a Delaware corporation) in the Wells Superior Court in Wells County, Indiana, for breach of contract and fraud, seeking injunctive relief, rescission of contract, and damages. (Docket # 1.) The lawsuit arises out of a Stock Purchase Agreement entered into between the parties on July 1, 2008 (the "Contract"), in which Supernova sold all of its outstanding shares of stock to Great

American for the purchase price of $3,000,000. (Compl. ¶ 10, Ex 1.) The consideration for the purchase was comprised of a series of cash payments and the issuance to Supernova of stock in Great American. (Compl. ¶ 11.)

Supernova now alleges that Great American misrepresented its financial solvency and company viability, and failed to inform Supernova prior to entering into the Contract that its payments would be contingent upon future financing. (Compl. ¶¶ 12, 24, 27.) Accordingly, Supernova alleges that "any stock issued by [Great American] to [Supernova] would fail as consideration under the Contract." (Compl. ¶ 35.) Supernova seeks an injunction barring Great American from transferring any assets it gained through the Contract and putting Supernova back in control and possession of the subsidiaries in dispute, together with rescission of the Contract and damages. (Compl. ¶¶ 35, 41.)

On January 27, 2009, Great American removed the case to federal court, asserting that the Court has diversity jurisdiction under 28 U.S.C. § 1332. (Docket # 2.) On February 23, 2009, Supernova filed a motion for remand, emphasizing that it is seeking only equitable and injunctive remedies and that any monetary damage claims are speculative in nature, thereby failing to exceed the necessary $75,000. (Docket # 10.) Together with Supernova's motion is an affidavit of the President of Supernova, representing that the relief Supernova seeks is not in excess of $75,000. (Docket # 11.)

Great American opposed Supernova's motion for remand on April 17, 2009, requesting that the Court not remand the case to the Wells Superior Court and representing that it would suffer losses far in excess of $75,000 if the Court granted Supernova's request for injunctive relief. (Docket # 18.) In support of this argument, Great American asserts that "injunctive relief

2

does not preclude [the] Court from exercising subject matter jurisdiction." (Def.'s Resp. to Mot. for Remand 2.) Supernova submitted no reply.

## LEGAL STANDARD

A defendant in state court may remove a case to a federal district court only if the district court has original jurisdiction over the action. *See* 28 U.S.C. § 1441; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). If the district court does not have jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c). When ruling on a motion to remand,"[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum," with any doubt regarding jurisdiction resolved in favor of remand. *Battle v. Countrywide Home Loans, Inc.*, No. 05 C 3022, 2005 WL 2284250, at *1 (N.D. Ill. Sept. 15, 2005) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). The burden of establishing federal jurisdiction falls on the party seeking removal. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2007); *Meridian Sec. Ins. Co v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Doe*, 985 F.2d at 911.

In this case, subject-matter jurisdiction is based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). Because the parties are clearly diverse, the only question for the Court is whether the amount in controversy exceeds $75,000. "The amount in controversy is the amount required to satisfy the plaintiff's demands in full on the day the suit begins, or in the event of removal, on the day the suit was removed." *Oshana*, 472 F.3d at 511 (citations omitted). The proponent of jurisdiction "has the burden of showing by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." *Id.*; *see McMillian v. Sheraton Chicago Hotel & Towers,* No. 07-3370, 2009 WL 1491459, at *5 (7th Cir. May 29, 2009). "To satisfy this burden,

3

a party must do more than 'point to the theoretical availability of certain categories of damages.'" *McMillian*, 2009 WL 1491459, at *5 (quoting *Am. Bankers Life Assurance Co. of Fl. v. Evans*, 319 F.3d 907, 909 (7th Cir. 2003)). The proponent of jurisdiction must support its assertion with "competent proof". *Id.*; *see Bailey v. Conocophillips Co.*, No. 06-677-JLF, 2006 WL 3487655, at *3 (S.D. Ill. Dec. 4, 2006) ("A defendant seeking to establish jurisdiction on the basis of diversity must provide 'competent proof' that the amount in controversy exclusive of interest and costs exceeds $75,000.").

When the complaint does not establish the amount in controversy, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana*, 472 F.3d at 511. "Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (citation omitted and internal quotations marks omitted).

## **DISCUSSION**

Here, the complaint alleges that Supernova is seeking an injunction barring Great American from interfering with the business operations of its named entities and putting Supernova in control of the subsidiaries and assets identified in the Contract. (Compl. ¶¶ 48, 52.) Supernova also seeks damages "arising from depletion of inventory by [Great American] and diminution of [Supernova's] business interests," although no damage amount is specified. (Compl. ¶ 72.) Great American alleges that these requested remedies, that is, the amount in controversy, easily exceed $75,000, and thus removed this case to federal court.

Supernova now attempts to prevent removal by asserting that it is only seeking equitable

remedies and insisting that the monetary damages in controversy do not exceed $75,000. (Docket # 10.) However, "refusing to concede that the controversy exceeds the jurisdictional minimum or . . . insisting that injunctions do not count toward the amount in controversy" is not a basis for rejecting the Court's jurisdiction. *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004). "[A] way in which the requirement of the statutory minimum amount in controversy can be satisfied in an injunctive case is by showing that the injunction would force the defendant to forgo a benefit to him that is worth more than the threshold amount specified in the diversity statute . . . ." *In Re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 610 (7th Cir. 1997). Lost income to a defendant as a result of a request for injunctive relief by the plaintiff may contribute to the amount in controversy. *Macken v. Jensen,* 333 F.3d 797, 799-800 (7th Cir. 2003). In sum, the amount in controversy is measured by the value of the object of the litigation, *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977), and as emphasized *supra*, a plaintiff cannot prevent removal by "insisting that injunctions do not count toward the amount in controversy." *Rubel,* 361 F.3d at 1020.

In support of removal, Great American states that if the Court granted Supernova's requested injunction, awarded Supernova complete control of its subsidiaries, and rescinded the Contract, "the cost to [Great American] in terms of lost income alone [would] far exceed[] the jurisdictional threshold of $75,000." (Def.'s Resp. to Mot. for Remand 7.) Specifically, Great American points out that its operation of the subsidiaries generates a monthly revenue of over $100,000, with "gross profits in many months in excess of $70,000." (*Id.*) To illustrate this point, Great American produced an affidavit of its Chief Executive Officer and an income statement for the subsidiaries from July 2008 through February 2009, which reflect the total revenue gross

5

profits on a monthly basis. *See Mailwaukee Mailing Shipment & Equip., Inc. v. Neopost, Inc.*, 259 F. Supp. 2d 769, 773 (E.D. Wis. 2003) ("To determine a plaintiff's anticipated pecuniary harm if injunctive relief is denied, courts have extrapolated based on evidence of the plaintiff's past financial circumstances.") (collecting cases). Great American further points out that if the Contract is rescinded, Supernova will be required to return the $240,000 that it received from Great American for the transaction. Thus, Great American has provided "competent proof", *McMillian*, 2009 WL 1491459, at *5, that the value of the injunction, as well as rescission of the Contract, easily exceed the $75,000 statutory minimum.

Since Great American has come forth with plausible evidence that the amount in controversy exceeds $75,000, to defeat jurisdiction Supernova must show, to a legal certainty, that the injunction and rescission are worth less than the jurisdictional amount. *Oshana,* 472 F.3d at 511. Supernova, however, has not submitted a reply brief to challenge Great American's factual assertions and thus has failed to satisfy this burden. As a result, the Court retains subject matter jurisdiction, and Supernova's motion for remand will be denied.

## CONCLUSION

Because Great American has demonstrated by a preponderance of evidence that the amount in controversy exceeds $75,000, Supernova's Motion for Remand (Docket # 10) is DENIED. SO ORDERED.

Entered this 22nd day of June, 2009.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge